UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LUIS BENJAMIN VAZQUEZ and                    Case No. 14-35500-JKO
IRIS NEREIDA VAZQUEZ,                        Chapter 7

     Debtor(s).
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT WITH
LUIS BENJAMIN VAZQUEZ AND IRIS NEREIDA VAZQUEZ**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

     Kenneth A. Welt, in his capacity as the duly appointed Chapter 7 Trustee (the "*Trustee*") for the bankruptcy estate of Luis Benjamin Vazquez and Iris Nereida Vazquez (the "*Debtors*"), by and through undersigned counsel, and pursuant to *Fed. R. Bankr. P. 9019*, seeks an Order from this Court approving a settlement with the Debtors (the "*Motion*"). In support of this relief, the Trustee states the following:

### I. Background

A. *The Debtors*

     1.    On November 19, 2014 (the "*Petition Date*"), the Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "*Bankruptcy Court*"). Subsequently, the Trustee was duly appointed Chapter 7 trustee.

     2.    The Debtors filed amended schedules on January 20, 2015 [ECF No. 33] (the "*Amended Schedules*").

3. In the Debtors' Amended Schedules, the Debtors list a Savings Account number ending #2307 with a current value of $26,003.96 (the "**Bank Account**") and claim a personal property exemption on the Bank Account in the amount of $4,985.00 pursuant to Fla Stat. Ann. § 222.25(4).

4. It is the Trustee's position that the remaining balance in the Bank Account, in the amount of $21,018.96, is therefore non-exempt ("**Non-exempt Personal Property**").

5. On February 10, 2015, the Trustee filed his Motion for Turnover of Non-exempt Personal Property (the "**Motion For Turnover**") [ECF No. 45], which was set for hearing on March 10, 2015 [ECF No. 52].

6. In the Motion for Turnover, the Trustee asserts that the Non-exempt Personal Property should be turned over to the Trustee for the benefit of creditors pursuant to applicable bankruptcy, federal or state law ("**Potential Litigation**").

7. Ultimately, the Trustee and the Debtors agree to resolve this matter for $14,000.00, in full satisfaction of any claims the Trustee may have against the Debtors on account of the Potential Litigation. The Trustee and the Debtor have agreed, subject to the granting of this Motion, to the entry of the *Agreed Order Granting, In Part, Chapter 7 Trustee's Motion for Turnover of Non-Exempt Personal Property*, which is attached hereto as **Exhibit 1**. (the *"Agreed Order"*).

## II. Settlement Terms

8. The terms of the settlement between the parties (the "*Settlement*") are the following: the Debtors shall pay (or cause to be paid) the sum of $14,000.00 to the Trustee (*"Settlement Payment"*). The Settlement Payment is in full satisfaction of any claims the Trustee may have against the Debtors on account of the Potential Litigation.

### III. Relief Requested

9. The Trustee seeks an Order from this Court approving the Settlement. Federal Rule of Bankruptcy Procedure 9019 provides in relevant part that "[o]n motion . . . and after a hearing on notice to creditors; the debtor . . . and to such other entities as the Court may designate, the Court may approve a compromise or settlement."

10. Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow Air*, 85 BR 891 (Bankr. S.D. Fla. 1988).

11. The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness. *See W.T. Grant Co.*, 699 F.2d at 608; *see also In re Martin*, 91 F.3d 389 (3rd Cir. 1996); *In re Louise's Inc.*, 211 B.R. 798 (D. Del. 1997) (setting forth considerations by the Court for approval of a settlement, including: (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors (collectively the ***"Justice Oaks Factors"***).

### IV. The Settlement should be Approved

12. Based upon the above legal principles, the Trustee asserts that the Settlement falls well above the lowest point of the range of reasonableness, and thus, should be approved.

*a.     Probability of Success in Litigation*

13. The first Justice Oaks Factor, the probability of success in litigation, weighs heavily in favor of approval. The Trustee, on behalf of the Debtors' bankruptcy estate, asserts that the Trustee has a claim on the non-exempt personal property owned by the Debtors.

14. Ultimately, the Trustee believes that he would likely succeed in prosecuting his causes of action. Nonetheless, the Trustee acknowledges that there are risks inherent in all litigation and there is the possibility that the Debtors could raise certain issues or defenses that potentially could impact the Trustee's claims. Specifically, the Debtors could argue that the Non-exempt Personal Property is proceeds of an exempt IRA, and are thus, exempt. *See Beardsley v. Admiral Ins. Co.*, 647 So. 2d 327, 329 (Fla. 3d DCA 1994)

*b.     Collectability*

15. The second Justice Oaks Factor, collectability, is not an issue in dispute between the parties.

*c.     Complexity and Attendant Expense, Inconvenience and Delay*

16. The third Justice Oaks Factor, the complexity of the litigation and its expense, inconvenience, and delay, also weigh in favor of approval. This is a meaningful consideration that militates in favor of approval of the Settlement.

17. In sum, although many of the claims outlined above are typical claims litigated before this Court, they still potentially require fact discovery before a trial could take place. The result of these efforts will be fees of professionals that could potentially exceed any recovery on the Trustee's claims in the Potential Litigation.

18. The Settlement addresses these concerns. The parties avoid litigating fact specific claims, with the attendant expense and delay of litigation being nullified.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/8707/8707-1/01588516.DOC.}

### d. *Paramount Interest of Creditors*

19. The final factor, the paramount interests of creditors, weighs in favor of approval. The Settlement provides a meaningful payment of the claims the Trustee could assert against the Debtors in the Potential Litigation. The Settlement Payment is a fair resolution in light of the potential delay and professional costs associated with the Potential Litigation and collection issues with respect to any judgment obtained therefrom. Moreover, the Settlement provides sufficient protection to the Trustee and the Debtors' bankruptcy estate in the event the Court determines any of the Debtor(s) Representations are materially false or the Debtors fail to pay (or cause to be paid) and/or cure any of the required payments under the Settlement. As such, the Settlement is in the paramount interest of the Debtors' creditors and should be approved.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order (similar in form to the Order attached as **Exhibit 2**) (1) approving the Settlement, and the entry of the Agreed Order; and (2) granting such other relief this Court deems just and proper.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 12, 2015, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on <u>Exhibit A</u>, via U.S. Mail upon the parties on the service list attached as <u>Exhibit B</u>.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Kenneth A. Welt, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LUIS BENJAMIN VAZQUEZ and                    Case No. 14-35500-JKO
IRIS NEREIDA VAZQUEZ,                        Chapter 7

      Debtor(s).
_____/

**AGREED ORDER GRANTING, IN PART, CHAPTER 7 TRUSTEE'S
MOTION FOR TURNOVER OF NON-EXEMPT PERSONAL PROPERTY**

**THIS CAUSE** came before the Court on March 10, 2015, at 10:00 a.m. upon the Chapter 7 Trustee's Motion for Turnover of Non-Exempt Personal Property [ECF No. 45] (the "*Motion*"). The Court, having reviewed the Motion, having noted Debtors' counsel's consent to the relief sought in the Motion, and finding good cause to grant the Motion, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED**, in part.

EXHIBIT 1

2.	Luis Benjamin Vazquez and Iris Nereida Vazquez are directed to transmit funds totaling $14,000.00 to:  Kenneth A. Welt, as Trustee c/o Lawrence E. Pecan, Esquire, Meland Russin & Budwick, P.A., 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida  33131.

3.	The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

###

**Submitted By:**
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
*Counsel for Trustee, Kenneth A. Welt*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:	(305) 358-6363
Telefax:	(305) 358-1221

**Copies Furnished To:**
Attorney Pecan is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LUIS BENJAMIN VAZQUEZ and                              Case No. 14-35500-JKO
IRIS NEREIDA VAZQUEZ,                                  Chapter 7

      Debtor(s).
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF
SETTLEMENT WITH LUIS BENJAMIN VAZQUEZ AND IRIS NEREIDA VAZQUEZ**

**THIS CAUSE** came before the Court upon the *Trustee's Motion for Approval of Settlement with Luis Benjamin Vazquez and Iris Nereida Vazquez* (the "***Motion***") filed by Kenneth A. Welt, in his capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Luis Benjamin Vazquez and Iris Nereida Vazquez (the "***Debtors***")[1]. The Court, having reviewed the Motion and noting that a Certificate of No Response and Request for Entry of

---

[1] All capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

EXHIBIT 2

Order has been filed, finds that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, and accordingly, it is:

**ORDERED** as follows:

1. The Motion is **GRANTED** and the terms of the Settlement, as described in the Motion are **APPROVED** and incorporated herein in their entirety.

2. In approving the Settlement, the Court considered (i) the probability of success in litigation, (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors.

3. The Court retains jurisdiction to enforce the terms of the Settlement.

###

**Submitted By:**
Lawrence E. Pecan, Esq.
Fla. Bar. No. 99086
LPecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Kenneth A. Welt, Trustee*

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

Alice A Blanco     flecf@aclawllp.com
Brandi Rainey Lesesne     flecf@aclawllp.com, Ecf_fl@rcolegal.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
Lawrence E Pecan     lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
Elena M Perez     attorneyperez@aol.com
Kenneth A Welt     fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net; court@trusteeservices.biz

EXHIBIT A

Recovery Management Systems Corp
25 SE 2 Ave #1120
Miami, FL 33131-1605

Wells Fargo Bank, NA.
c/o Alice Blanco Esq
3575 Piedmont Rd NE # 500
Atlanta, GA 30305-1623

Aldridge Connors LLP
1615 South Congress Avenue
Suite 200
Delray Beach, FL 33445-6326

American Express
POB 981537
El Paso, TX 79998-1537

American Express Blue
POB 981535
El Paso, TX 79998-1535

Americas Servicing Co
POB 10328
Des Moines, IA 50306-0328

Barclays Bank
a/k/a Juniper
POB 8802
Wilmington, DE 19899-8802

Broward County Revenue Collection
POB 29009
Fort Lauderdale, FL 33302-9009

Capital One
POB 85167
Richmond, VA 23285-5167

Capital One
a/k/a Best Buy
POX 5253
Carol Stream, IL 60197

Capital One Bank NA
c/o Portfolio Recovery Associa
POB 12914
Norfolk, VA 23541-0914

Chase
Cardmember Service
POB 15153
Wilmington, DE 19886-5153

Chase
a/k/a Bank One Card Services
POB 15153
Wilmington, DE 19886-5153

Citibank
Sears Master Card
POB 6282
Sioux Falls, SD 57117-6282

Citibank
a/k/a Sears
POB 6282
Sioux Falls, SD 57117-6282

Citibank
a/k/a Sears Card
POB 6283
Sioux Falls, SD 57117-6283

City County Credit Union
1982 North State Road
Pompano Beach, FL 33063

Commonwealth Financial
245 Main Street
Scranton, PA 18519-1641

Credit First National Association
a/k/a Tire Choice
POB 81315
Cleveland, OH 44181-0315

David J. Stern PA
900 South Pine Island Road
Suite 400
Fort Lauderdale, FL 33324-3920

Greenfield Law Group
6111 Broken Sound Pkwy NW
Suite 350
Boca Raton, FL 33487-2774

HSBC
a/k/a Best Buy
POB 15521
Wilmington, DE 19850-5521

Heathgate Sunflower HOA
c/o Randall K Roger & Associat
621 NW 53rd St. Suite 300
Boca Raton, FL 33487-8240

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Joseph E. Altschul LLC
1911 NW 150th Avenue
Suite 203
Pembroke Pines, FL 33028-2871

Leading Edge Recovery Solutions
POB 129
Linden, MI 48451-0129

Medicredit Corp
3620 I 70 Drive SE
Suite C
Columbia, MO 65201-6582

Midland Funding LLC
8875 Aero Drive Suite 200
San Diego, CA 92123-2255

Midland Funding LLC
8875 Aero Drive Suite 200
San Diego, CA 92132-0001

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

EXHIBIT B

| | | |
|---|---|---|
| PR Telephone<br>POB 70239<br>San Juan, PR 00936-8239 | Philip A. Orsi, Esquire<br>POB 9622<br>Deerfield Beach, FL 33442-9622 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Rubin & Debski PA<br>POB 47718<br>Jacksonville, FL 32247-7718 | Stellar Recovery Inc.<br>4500 Salisbury Road Suite 10<br>Jacksonville, FL 32216-8035 | WE FL Financial<br>1982 North State Road<br>Pompano Beach, FL  33063 |
| WE Florida Financial<br>634 NE 3rd Avenue<br>Fort Lauderdale, FL 33304-2618 | WF City Furniture<br>POB 14517<br>Des Moines, IA 50306-3517 | Wells Fargo Financial<br>800 Walnut Street<br>Des Moines, IA 50309-3891 |
| Wells Fargo Home Mortgage<br>POB 10328<br>Des Moines, IA 50306-0328 | Elena M Perez<br>4300 N University Dr #E206<br>Sunrise, FL 33351-6244 | Iris Nereida Vasquez<br>8001 NW 75th Avenue<br>Tamarac, FL 33321-4827 |
| Kenneth A Welt<br>1776 Pine Island Rd #101<br>Plantation, FL 33322-5200 | Luis Benjamin Vazquez<br>8001 NW 75th Avenue<br>Tamarac, FL 33321-4827 | Michael Mehdipour<br>2725 PGA Blvd<br>Palm Beach Gardens, FL 33410-2905 |