## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## (FORT LAUDERDALE DIVISION)
### www.flsb.uscourts.gov

In re:                                          Case No. 14-35500-JKO
                                                Chapter 7
LUIS B. VAZQUEZ
IRIS N. VASQUEZ,

    Debtors.

_____/

## CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN VALUE BROKERAGE & SERVICES, LLC, AND TO AMEND ILLUSTRATED PROPERTIES, INC.'S RETENTION, TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330

KENNETH A. WELT, as Chapter 7 Trustee (the "Trustee") for the above referenced debtors (the "Debtor"), by and through the undersigned counsel, files this Application for entry of an order, substantially in the form attached hereto as *Exhibit A*, authorizing retention of (1) Value Brokerage & Services, LLC ("VB&S") under the terms set forth in the agreement (the "VB&S Agreement") attached to VB&S' Affidavit of Disinterestedness at *Exhibit B* (the "VB&S Affidavit") and (2) to amend the current terms of the retention agreement with Illustrated Properties, Inc. (the "Listing Agent"),[1] under the terms of the agreement (the "Listing Agreement") attached to Listing Agent's Affidavit of Disinterestedness at *Exhibit C* (the "Listing Agent Affidavit"). In support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

Trustee requests approval to retain VB&S and Listing Agent, at no cost to the estate, to negotiate with and persuade the first lienholder on certain real property in which the

---

[1] Illustrated Properties was retained as the Trustee's Real Estate Agent by Order dated 01/22/2015, 2015 [ECF No. 35]. By this application, the Trustee seeks to modify the terms of such engagement to incorporate the services of VB&S as described herein. To be clear, the Trustee does not seek to increase the overall real estate commissions or fees that might be paid in the event of a Consented Sale (as defined herein).

estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carveout for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by VB&S and Listing Agent - only upon the closing of a sale that is approved by this Court.

VB&S and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

The proposed agreements are attached and provide that VB&S and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring VB&S and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carveout for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

<u>**JURISDICTION**</u>

1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

<u>**BACKGROUND**</u>

3.     On 11/19/14 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4.     Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5.     The Trustee held and concluded the 341 meeting on December 23, 2014.

6.     The Debtor is the sole owner of real property located at 8001 NW 75th Avenue Tamarac, FL 33321 (the "<u>Property</u>"). The Debtor has not claimed the Property as exempt.

7.     The Debtor has no equity in the Property. The Debtor's schedules reflect that the Property is currently worth $125,000, but is subject to a first mortgage lien (the "<u>Senior Mortgage</u>") in favor of HSBC Bank (the "<u>Secured Creditor</u>") in an amount that is currently unknown by the Debtor.

8.     The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[2], sales analysis report and opinion of value for the Property provided by VB&S and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("<u>Consent</u>") to:

---

[2] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

a.  sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

b.  buy the Property from the Debtor's estate if (and only if) no such offer is made;

c.  release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

d.  agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to VB&S and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate and the Bankruptcy Bar Foundation.

9.      Trustee expects VB&S and Listing Agent to obtain Secured Creditor's Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the order sought by this Application.

10.     On January 22, 2015, this Court entered an Order approving the Trustee's retention of Listing Agent as his Real Estate Agent (the "Listing Agent Retention Order") [ECF No. 35].

11.     By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain VB&S, and to modify the Listing Agent Retention Order as set forth herein, to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to VB&S and Listing Agent at

closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

**APPLICATION**

12.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

13.     As further described in the materials attached to their affidavits, VB&S[3] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

14.     The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditor's Consent is

---

[3] VB&S is the broker affiliate of BK Global (http://bkginc.com/).

first obtained. That is why the Trustee believes that retaining VB&S and Listing Agent to obtain Secured Creditor's Consent is in the best interests of the Debtor's estate.

15.      In no event will the estate have any obligation to pay VB&S or Listing Agent. The terms of the VB&S Agreement and Listing Agreement provide that VB&S and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event VB&S and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

16.      VB&S and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

17.      The Trustee submits that the terms of employment and compensation as set out in the VB&S Agreement and Listing Agreement are reasonable in light of the extensive experience of VB&S and Listing Agent and the nature of the services they provide.

18.      VB&S attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit B* is an Affidavit of Disinterestedness of VB&S. VB&S also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

19.      Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit C* is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than VB&S.

<u>CONCLUSION</u>

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain VB&S, and modify the existing retention of the Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the VB&S Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Date:  April 22, 2015

Respectfully submitted,

By: _____
Kenneth A. Welt
Chapter 7 Trustee
1776 North Pine Island Road
Suite 101
Plantation, Florida  33322

**EXHIBIT A**

**PROPOSED ORDER ON CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN
VALUE BROKERAGE & SERVICES, LLC AND ILLUSTRATED PROPERTIES TO
PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)
www.flsb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Case No. 14-35500-JKO** |
| | **Chapter 7** |
| **Luis B. Vazquez** | |
| **Iris N. Vazquez** | |

_____ **Debtors        /** _____

**ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO RETAIN VALUE
BROKERAGE & SERVICES, LLC AND ILLUSTRATED PROPERTIES TO
PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

**OF THE PROPERTY**

Upon the Notice and Application of Kenneth A. Welt, the trustee in the above-captioned case ("Trustee"), to *Retain Value Brokerage & Services, LLC and Illustrated Properties to Procure Consented Public Sale pursuant to 11 U.S.C. § § 327, 328 and 330* ("Application") [Docket No. ___], the Court having reviewed and considered the Notice, Application and the Affidavit of Disinterestedness and having found good and sufficient cause

appearing therefor and the same to be in the best interest of Debtor and the creditors the Court hereby FINDS that:

  A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2).

  B.  Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

  C.  Notice of the Application was sufficient under the circumstances.

    Based upon the foregoing findings of fact, it is hereby

    ORDERED, ADJUDGED, AND DECREED that:

  1.  The Application is hereby GRANTED.

  2.  Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

  3.  The Trustee is authorized to retain and compensate VB&S and Listing Agent to procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter 7 case pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, in accordance with the terms and conditions set forth in the VB&S Agreement, the Listing Agreement and this Order. VB&S and Listing Agent shall not split or otherwise share their fees with any other person or entity.

  4.  VB&S and Listing Agent are disinterested persons within the meaning of Bankruptcy Code Section 101(14).

  5.  VB&S and Listing Agent shall be compensated in accordance with the VB&S Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in Section 330 of the Bankruptcy Code.

6.      VB&S and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court.  The estate shall, in no circumstance, be obligated to compensate VB&S or Listing Agent in such event and VB&S and Listing Agent shall not have a claim against the estate for any unpaid amounts.  VB&S and Listing Agent, and anyone claiming by, through or under either of them, shall only have recourse for recovering its fee to Secured Creditor.  The estate shall have no liability for any such claim.

7.      Notice of the Application was adequate and proper.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

Submitted By:
Kenneth A. Welt
Chapter 7 Trustee
1776 North Pine Island Road
Suite 101
Plantation, Florida  33322

*(Kenneth A. Welt, Trustee shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*

**EXHIBIT B**

**VB&S AFFIDAVIT OF DISINTERESTEDNESS**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FORT LAUDERDALE DIVISION)**
**www.flsb.uscourts.gov**

In re:                                                     Case No. 14-35500-JKO
                                                                  Chapter 7
Luis B. Vazquez
Iris N. Vazquez

_____Debtors_____/_____

**DECLARATION OF STEPHANIE GIVENS IN SUPPORT OF APPLICATION**
**TO RETAIN VALUE BROKERAGE & SERVICES, LLC AND ILLUSTRATED**
**PROPERTIES TO PROCURE CONSENTED PUBLIC SALE**
**PURSUANT TO 11 U.S.C. § 327, 328 AND 330**

The undersigned, Stephanie Givens ("Declarant") hereby states:

1.      I am employed by Value Brokerage & Services, LLC ("Applicant" or "VB&S"), which is
an entity duly licensed as a real estate brokerage by the State of Texas located at 2000 E.
Lamar Blvd., Suite 710, Arlington, Texas  76006.  I am Applicant's broker-in-charge and
am authorized by Applicant to submit this Declaration on Applicant's behalf in support
of the annexed Application to Retain VB&S and in accordance with Bankruptcy Rule
2014 and Local Rule 6005-1.

2.      Based upon the information discussed below, I believe that Applicant is a disinterested
person and does not hold or represent any interest adverse to the interest of the Debtor's
estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3.      To the best of my knowledge:  (a) neither VB&S nor any of its employees has any
connection with the Debtor, its creditors in this case, the Chapter 7 Trustee, the Office of
the United States Trustee, or any employees thereof or any party in interest herein; (b)
VB&S and each of its employees are "disinterested persons," as that term is defined in

Section 101(14) of the Bankruptcy Code; and (c) neither VB&S nor any of its employees

hold or represent an interest adverse to the Debtor's estate.

4.    A description of the qualifications of, and services provided by, VB&S is attached as

Schedule 1.

5.    That I have read the application of the Trustee regarding the retention and compensation

of VB&S and agreed to be bound by the terms and conditions represented therein.

6.    That I further understand that the Court, in its discretion, may alter the terms and

conditions of employment and compensation, as fully set forth in the VB&S Agreement

that is attached as Schedule 2 hereto, as it deems appropriate.


Verified under penalty of perjury that the foregoing is true and correct this 17th day of

April, 2015.

Stephanie Givens
Broker in Charge – Licensed
in the State of Texas

The foregoing instrument was acknowledged before me this 17th day of April, 2015, by
Stephanie Givens who provided identification or is personally known to me and who did take an
oath.

Notary Public-State of Texas

My commission expires 5/7/2017

LATRICIA DESHELL MILLIGAN
My Commission Expires
May 7, 2017

12

## SCHEDULE 1

## STATEMENT OF QUALIFICATIONS AND SERVICES OF VB&S

### BK Global™

BK Global™ is a national company with a bankruptcy service platform containing a network of certified BK real estate Brokers and Agents, a national marketplace for listing and submitting bankruptcy real estate purchase offers (www.bankruptcylistings.com), and a centralized team of loan servicing specialist that enable Federal Trustees to streamline and manage their real estate needs most effectively for the benefit of the bankruptcy estate and unsecured creditors. By integrating its unique services and implementing its proprietary tools, BK Global is poised to create industry standards and efficiencies.

### Consented Sale™

A Consented Sale™ is an "enhanced" agreement between all requisite stakeholders, the most important being the lender/servicer, of a residential or commercial property for less than what the owner still owes on the mortgage. A Consented Sale™ is a beneficial alternative to foreclosure when a homeowner needs to sell and can no longer afford to make their mortgage payments. The lender agrees to accept less than the amount owed to pay off a loan now rather than taking the property back by foreclosure and trying to sell it later. Lenders agree to a Consented Sale™ because they believe it will net them more money than going forward with a lengthy and costly foreclosure process.

A Consented Sale™ is an "enhanced" short sale and BK Global™ is able to obtain pre-consent by utilizing its proprietary BK Score™ system that analyzes and provides lenders an immediate evaluation of the value of the property and its probability for sale. In addition, BK Global™ is able to agree with lenders/servicers on a strike price for each property, and utilize its national www.bankruptcylistings.com marketplace for listings and online offer management platform.

### BK Score™

BK Score™ is generated from a finite set of data points in a prescribed sequence to achieve a resulting score between the values of 1 and 100. The BK Score™ is shared with trustees, servicers, courts, and software management platforms and indicates the likelihood that an asset in a bankruptcy is qualified for consented disposition. The higher the BK Score™ there is a better chance to sell the property. In addition to the presented scores, BK Global provides the trustee a solution to sell the asset which maximizes the benefit to the estate. BK Global™ is at the forefront of creating new industry standards for trustee services.

To consistently measure and predict market value of real estate assets nationally, in an ever changing and fluid real estate market, it is important to have a well-defined methodology that explains how values are derived. The BK Score™ uses multiple data points to predict sales confidence compared to the limited local market inputs used by real estate brokers who are not certified in short sales. BK Score™ incorporates a number of unique methodology questions that include the data points listed below.

**Highlighted BK Score™ Data Points**

- Asset Value / Liabilities / Liens
- Judicial / Non-judicial State Analysis
- Pro Se (Professional Legal Representation)
- Title Search
- Statement of Intent by Debtor
- Foreclosure Timeline Analysis
- Redemption Period Analysis
- Community / Non-community Asset
- Asset Valuation Model (AVM)

## BK Score™ Core Benefits

**Increased Confidence of a Consented Short Sale** – BK Score™ gives lenders, servicers and real estate professionals more precise information on which to determine baseline sales values to achieve a successful consented short sale.

**Accelerates the Short Sale Decision Process** – Technology that utilizes scoring systems allows lenders/servicers to make instant valuation and sales consent decisions. This is notable as applications for consented sale of property can be approved by lenders/servicers in hours rather than weeks for sales values which score above a lender's score cutoff.

**Reduces Risk of Completing a Cooperative Short Sale** – There are certain barriers to a short sale. Servicers are frequently wary of short sale offers because of concerns that they are settling the debt at too low a price. Greater probability that servicers will consent to a short sale is made possible thanks to BK Score™. The BK Score™ empowers any lender/servicer to quickly set a cut off price and begin the short sale process, without time-consuming phone calls, faxed documents, or any effort from the agent or trustee.

**Increases Transaction Transparency** – BK Global™ is integrated with most major lender/servicers nationally. The BK Score™, which has revolutionized the default servicing industry, helps servicers select and execute optimal baseline valuations based on measurable guidelines while driving efficiency, fostering transparency and facilitating compliance. With the use of BK Score™ agents and trustees can quickly collaborate and determine an appropriate list price that allow agents to begin pursuing sales offers with confidence.

The BK Score™ algorithm has been developed by industry experts that have over 30 years of experience in Distressed Real Estate and Bankruptcy Sales. To date, over 2 years of bankruptcy assets have been analyzed and scored using the BK Global Scoring system. BK Score™ is a trademark pending registration with the US Trademark and Patent Office.

BK Search™

BK Search™, powered by the leading national investigation firm Interfor Inc., enables trustees in the BK Global™ program to perform nationwide searches on all potential assets in bankruptcy. Trustees will receive an extremely valuable initial report prior to their 341(a) meeting, which will allow them to question uncovered assets. Interfor is a US based international investigation

and security consulting firm specializing in comprehensive intelligence services to the legal, corporate, financial communities and individuals. The company is staffed by highly skilled investigators and fraud examiners, many of whom have been associated with government, defense, and intelligence agencies worldwide, including the United States CID, CIA, DEA and FBI agencies. Interfor is fully licensed and operates in the United States, Europe, the Middle East, the Americas, Africa and Asia. The investigators are also supported by a sophisticated research division using state-of-the-art technology.

## SCHEDULE 2

### AGREEMENT BETWEEN VB&S AND THE CHAPTER 7 TRUSTEE

[Attached]



April 22, 2015

Kenneth A. Welt, Trustee
Kenneth A. Welt, P.A.
1776 North Pine Island Road
Suite 101
Plantation, Florida 33322

Re:    LUIS B. VAZQUEZ
       IRIS N. VAZQUEZ
       BK Score™ for 8001 NW 75th Avenue, Tamarac, FL 33321 & Agreement to Negotiate
       Consented Sale

Dear Mr. Welt:

This letter transmits the BK Score™ and related materials for the referenced property ("Property") and confirms the undersigned's ("our," "we" or "us") agreement to negotiate a Consented Sale™ on the following terms and conditions (collectively, the "Agreement"):

     1.    Following entry of an order approving this Agreement, we and our affiliate, Bankruptcy Global Holdings, LLC, will make commercially reasonable efforts to procure the consent and agreement ("Consent") of the senior mortgagee ("Secured Creditor") to:

          a.    sell the Property to whichever third party you determine to have made the best qualified offer during a public sale approved by the court;

          b.    buy the Property from the estate if (and only if) no such offer is made;

          c.    release its lien and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

          d.    agree to a 11 U.S.C. § 506 surcharge to (x) pay our fee and expenses, any commission payable to the local real estate broker and all other fees and expenses associated with the sale, and (y) provide for a carveout for the benefit of the bankruptcy estate.

     2.    At our recommendation, you have retained a local real estate broker to market the Property for sale to the public under a separate listing agreement. We will assist them by coordinating all aspects of the listing and sale process that involve Secured Creditor's Consent. We will also prepare and deliver any and all reports and information about the Consent, listing and sale process that you reasonably require. However, your local listing broker will be solely responsible for providing you with all other brokerage services associated with selling the Property, including inspecting it to confirm condition and occupancy, preparing any comparative market analysis, Broker Asset Valuation (Streamlined BPO) and Broker's Price Opinion (BPO), recommending a listing price, preparing marketing materials, including photographs and signage, and displaying the same at the Property and on the Multiple Listing Service,

1

Kenneth A. Welt, Trustee
Agreement to Negotiate Consented Sale

---

3.      The term of this Agreement will commence when you sign and return a copy of this letter and it is approved by the court. This Agreement will automatically terminate upon the closing of the sale of the Property, but may be terminated by either party for any or no reason at any time from and after 180 days from commencement.

4.      There will be no fees due to, or payable by, either party under this Agreement, and neither party will be reimbursed by the other party for any cost or expense. Subject to the foregoing, you acknowledge and agree that our fee and expenses will be paid by Secured Creditor as a 11 U.S.C. § 506 surcharge, if and to the extent that Secured Creditor agrees and the court approves. You further acknowledge and agree that, if the Property is sold to a third party, we may receive some or all of our fee and expenses under a fee agreement with the local listing broker.

5.      You will make commercially reasonable efforts to assist us in procuring Secured Creditor's Consent and marketing and selling the Property. You hereby appoint us as your agent, to act on your behalf as trustee, but solely for the limited purpose of seeking the Secured Creditor's Consent.

6.      We acknowledge and agree that (a) you are not executing this Agreement in your individual capacity, but solely as trustee of the estate, (b) we do not and will not have any right or claim with respect to the estate and (c) our sole recourse for payment of our fee and expenses will be to Secured Creditor under the Consent and the local listing broker under our fee agreement, but only if and to the extent that the same are approved by the court.

7.      This Agreement constitutes our complete agreement on this matter and supersedes all prior agreements and representations concerning the same. It may not be modified or amended except in a writing signed by both parties.

Please let us know if you have any questions regarding the foregoing or enclosed materials.

Otherwise, kindly confirm your agreement by signing and returning this letter with a copy of the order approving your application to retain us at your earliest convenience.

We look forward to working with you.

Sincerely,

BK GLOBAL:

VALUE BROKERAGE & SERVICES, LLC, a Texas limited liability company

By: _____
            Stephanie Givens, Broker-in-Charge


Acknowledged and agreed as of the date set forth above.

TRUSTEE: _____

KENNETH A. WELT, not individually but solely as Trustee in the referenced matter.

2

**EXHIBIT C**

**MICHAEL MEHDIPOUR, ILLUSTRATED PROPERTIES,
AFFIDAVIT OF DISINTERESTEDNESS**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FORT LAUDERDALE DIVISION)**
**www.flsb.uscourts.gov**

In re:                                      Case No. 14-35500-JKO
                                                Chapter 7
Luis B. Vazquez
Iris N. Vazquez

_____Debtors_____/_____

**AFFIDAVIT OF MICHAEL MEHDIPOUR IN SUPPORT OF APPLICATION**
**TO RETAIN VALUE BROKERAGE & SERVICES, LLC AND ILLUSTRATED**
**PROPERTIES TO PROCURE CONSENTED PUBLIC SALE**
**PURSUANT TO 11 U.S.C. § 327, 328 AND 330**

STATE OF FLORIDA              )
                                       )
COUNTY OF BROWARD        )

        Michael Mehdipour, being duly sworn, says:

        1.       I am a real estate agent duly licensed by the State of Florida.

        2.       I am an agent of Illustrated Properties, a Florida Corporation, with the corporate offices located at 725 PGA Blvd., Palm Beach Gardens, FL 33410 ("Listing Agent").

        3.       I am familiar with the Application to Retain Illustrated Properties, filed by the Trustee ("Application") and the property described therein.

        4.       I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 8001 NW 75th Avenue, Tamarac, FL  33321 (the "Property").

        5.       Illustrated Properties has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure.  Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

        6.       Neither I nor any member of Listing Agent hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

        7.       To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their

[9000-115/2358230/1]                              19

5.    Neither I nor any member of Listing Agent hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

6.    To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

7.    I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

Michael Mehdipour of
Illustrated Properties

The foregoing instrument was sworn to and subscribed before me this 22 day of April, 2015.

NOTARY PUBLIC

Notary Public, State of Florida

Barbara Casey
Type, Stamp, or Print Name as
Commissioned

SEAL OF OFFICE



[9000-115/2358230/1]                20